DR. J. H. FONT, Plaintiff and Appellee, *v.* UNKNOWN HEIRS OF ANTONIO CONCEPCIÓN RODRÍGUEZ, Defendants; PEOPLE OF PUERTO RICO, Intervener and Appellant.

No. 5447.   Argued. June 9, 1931.—Decided July 29, 1932.

*James R. Beverley, Attorney General,* and *Felipe Janer, Deputy Attorney General,* for appellant.   *M. Marcos Morales* for appellee.

MR. JUSTICE ALDREY delivered the opinion of the Court.

Dr. Juan H. Font brought an action against the heirs of Antonio Concepción Rodríguez, who died in Cidra, Puerto Rico, on November 4, 1927, leaving no descendants, ascendants, or known heirs, to recover the sum of $6,000 as the reasonable value of medical services rendered to the deceased from January, 1926, to August 2, 1927.   The Spanish Consul appeared on behalf of the unknown heirs and demanded a bill of particulars, which was served by the plaintiff.   Upon the failure of the defendants to file a further plea, the court entered a default judgment against them which it subsequently set aside on motion of The People of Puerto Rico. The latter had appeared as sole heir and made a general denial to the complaint.   A month afterwards, at the beginning of the trial, The People of Puerto Rico demurred to the complaint for insufficiency, and the court overruled the demurrer when it rendered judgment for the plaintiff sustaining the complaint and fixing the compensation to be paid

in the sum of $5,000. From that judgment The People of Puerto Rico has taken the present appeal.

The appellant urges three grounds in support of its appeal. The first one is that the trial court erred in overruling the demurrer to the complaint, and the appellant in its argument says that it is not sufficient to allege that services were rendered, as it is also necessary to express in the complaint that they were rendered at the request of the defendant. Such allegation is not required when the services were rendered to the person from whom recovery is sought, though he might be represented by his heirs as in the present case.

The two other grounds of appeal can be considered together, since the second relates to the weighing of the evidence and the third to the action of the trial court in fixing the value of the services rendered by the plaintiff in $5,000.

The evidence for the plaintiff is clear, full, and definite as to the fact that he rendered to Antonio Concepción Rodríguez medical services for 1 year 7 months during the latter's illness, especially when he was suffering from chronic cholecystitis and ulcer of the duodenum, making X-ray and clinical examinations of the patient, applying intravenous treatment; prostatic massages; drainage of the bile-duct; applications of quartz; analyses of urine, feces, blood, sputum, and gastric juice; and developing X-ray films; and also treated him for other diseases, such as pyorrhea. The appellant failed to introduce evidence to the contrary, and we can not hold that the second error assigned was committed.

Really, the only question in controversy between the parties has been as to the reasonable value of the services for which compensation is sought. Two physicians presented by the plaintiff testified regarding the value of said services. Dr. José González, with 21 years of professional practice, appraised those services at $10,000. Dr. Pedro Rivera Aponte, Health Director of Cayey, with 13 years of practice, valued them at $7,000. The defendant introduced as an expert witness Dr. Miguel Roses Artau, who has been prac-

ticing his profession for 26 years and who said that the plaintiff was more than a very talented man. He estimated the value of the various medical services rendered considering only the amount of work performed, and he finally stated that said services were intrinsically worth $2,500 to $2,800. We think that this witness was unwilling to appraise the services by taking into consideration the person who rendered them.

The appellant says that the trial court took no account of the testimony of Dr. Roses Artau. That is not so, inasmuch as in its statement of the case and opinion filed the court makes reference to it. What happens is that in cases of this sort it is very difficult to determine the true reasonable value of the professional services involved. The physicians themselves show how difficult it is, for while one of the experts for the plaintiff appraised the services in $7,000, and another fixed their value at $10,000, the expert witness for the defendant assessed them in a sum between $2,500 and $2,800; and the lower court awarded $5,000, a sum which is different from that estimated by each of the three experts. We think that the sum of $3,000 is reasonable and just, considering also that it does not appear that the assistance given by the plaintiff to Antonio Concepción Rodríguez prevented the former from attending to his other professional work.

The judgment appealed from must be modified so as to fix at $3,000 the reasonable value of the professional services rendered; and, as modified, the judgment is affirmed.

Mr. Justice Córdova Dávila took no part in the decision of this case.